UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DELSHAUN R. NIX,**

      **Plaintiff,**

    v.                                         **Civil Action 2:25-cv-327**
                                                    **Chief Judge Sarah D. Morrison**
                                                    **Magistrate Judge Chelsey M. Vascura**

**FRANKLIN COUNTY,** *et al.***,**

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Delshaun R. Nix., an Ohio inmate who is proceeding without the assistance of counsel, sues Franklin County, several prosecuting attorneys, and his former criminal defense attorney under 42 U.S.C. § 1983, alleging that Defendants violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights in connection with his 2009 criminal prosecution and subsequent prison sentence. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim on which relief can be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $5.29 in his prison trust fund account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A615457) at the Southern Ohio Correctional Facility is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs

had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the jail cashier's office.

## I. BACKGROUND

In 2009, Plaintiff (then a juvenile) pleaded guilty to three counts of aggravated robbery and one count of involuntary manslaughter, resulting in a prison sentence of 20 years. Plaintiff pleaded guilty on the advice of his court-appointed attorney, Defendant Mark Collins. Plaintiff alleges that the charging information, prepared by Defendant, former Franklin County Prosecuting Attorney Ron O'Brien, contained false statements of fact. Plaintiff's further alleges that his co-defendant received a lighter sentence although the two were identically situated. Plaintiff thus alleges that Mr. Collins provided ineffective assistance of counsel when advising Plaintiff to plead guilty. (Compl. 3–8, ECF No. 1-1.)

During Plaintiff's eighteen subsequent years of incarceration, Plaintiff filed six motions for judicial release, all of which were opposed by various Franklin County prosecuting attorneys, including Defendants Ron O'Brien, James Lowe, David Zeyen, George Tyack, Taylor Mick, Shayla Favor, and Benjamin Tracey (the "Prosecutor Defendants"). Plaintiff alleges that the Prosecutor Defendants' opposition memos to his motions for judicial release all contain the same misstatements of fact, resulting in his motions for judicial release being unfairly denied. (*Id.* at 9–30.)

Plaintiff sues Mr. Collins for violation of his Sixth Amendment right to effective assistance of counsel and sues the Prosecutor Defendants for violations of his Fifth and Fourteenth Amendment rights to due process, his Fourteenth Amendment right to equal protection, his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourth Amendment right to be free of malicious prosecution. Plaintiff also names Franklin County as a Defendant, although the Complaint makes no allegations directly against the

3

County. Plaintiff sues each of the Defendants in both their individual and official capacities and seeks $20 million in damages. (*Id.* at 3, 31.)

## II. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim

5

asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. ANALYSIS

All of Plaintiff's claims must be dismissed. First, Plaintiff has not stated a claim under 42 U.S.C. § 1983 against Defendant Collins for violation of Plaintiff's Sixth Amendment right to effective assistance of counsel. A § 1983 plaintiff must establish two elements: that he was (1) "deprived of a right secured by the Constitution or laws of the United States," and (2) "that such deprivation was caused by a person acting under color of state law." *Littler v. Ohio Ass'n of Pub. Sch. Emps.*, 88 F.4th 1176, 1180 (6th Cir. 2023) (cleaned up). Plaintiff's claim against Collins fails on the second element, because "[d]efense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding." *Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). Defendant Collins must therefore be dismissed.

Second, the Prosecutor Defendants are entitled to absolute immunity from a civil suit for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This immunity is overcome only when the prosecutor's challenged conduct was taken as an administrator or investigator, rather than as an advocate. *See Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000). Plaintiff's Complaint contains no plausible allegations on which this Court could rely to conclude that any exception to prosecutorial immunity applies to exempt the prosecutors he names. To the contrary, the Prosecutor Defendants' actions in filing charging documents and opposing Plaintiff's motions for judicial release are quintessential acts of advocacy on behalf of the State. Accordingly, Plaintiff's individual-capacity claims against the Prosecutor Defendants must be dismissed.

Third, Plaintiff's official-capacity claims against the Prosecutor Defendants must be dismissed. A suit against a government official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The relevant entity under these circumstances is the State of Ohio. Even if employed by the County, "Ohio prosecutors act as arms of the state—not of a municipality—when prosecuting state criminal charges." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014); *see also Cady v. Arenac Cnty.*, 574 F.3d 334, 345 (6th Cir. 2009) ("when County Prosecutor Broughton made the decisions related to the issuance of state criminal charges against Cady, the entry of the [deferred prosecution agreement], and the prosecution of Cady, he was acting as an agent of the state rather than of Arenac County"). Because Plaintiff's official-capacity claims against the Prosecutor Defendants arise out of their prosecution of state criminal charges of aggravated robbery and involuntary manslaughter, they are "no different from a suit against the State itself." *Will*, 491 U.S. at 71.

But any claims against the State of Ohio must be dismissed under the doctrine of sovereign immunity. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). "There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit, (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies." *Boler v. Earley*, 865

F.3d 391, 410 (6th Cir. 2017) (citation omitted). None of these exceptions apply to Plaintiff's Complaint. First, "Ohio has not waived sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Second, "Section 1983 does not abrogate Eleventh Amendment immunity." *Boler*, 865 F.3d at 410 (citing *Will*, 491 U.S. at 66). Third, the *Ex Parte Young* doctrine applies only when a plaintiff brings "claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler*, 865 F.3d at 412. Here, Plaintiff seeks only money damages, not prospective injunctive relief. Accordingly, Plaintiff's official-capacity claims against the Prosecutor Defendants, which are in essence claims against the State of Ohio, must be dismissed.

Finally, Plaintiff's claims against Franklin County must be dismissed. Plaintiff alleges no facts directed specifically to Franklin County. And "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Nichols v. Wayne Cty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) ("To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom.") (citing *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v.*

*Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)).

Construing Plaintiff's allegations broadly, he might plausibly allege facts satisfying the second *Burgess* prong. That is, Plaintiff alleges that the Prosecutor Defendants, who include the elected Franklin County Prosecutors who might reasonably exercise final decision making authority during the period of Plaintiff's prosecution and incarceration, drafted charging documents and memoranda opposing Plaintiff's release based on false statements of fact. However, as explained above, the Prosecutor Defendants took these actions as agents of the State of Ohio, "meaning that their actions in prosecuting the charge may not be attributed to the municipality." *D'Ambrosio*, 747 F.3d at 386; *see also Cady*, 574 F.3d at 345 (county prosecutor acted as agent of the state rather than county; "[h]is actions therefore cannot be attributed to Arenac County, and Arenac County cannot be held liable for [the prosecutor's] actions even if those actions violated Cady's rights").

Plaintiff alleges no other facts on which the Court could rely to conclude that an official policy or custom of Franklin County resulted in the violation of his constitutional rights. Plaintiff's claims against Franklin County must therefore be dismissed.

## IV. DISPOSITION

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. It is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim on which relief can be granted.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE