UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DELSHAUN R. NIX,

      Plaintiff,

  v.                              Civil Action 2:25-cv-327
                                Chief Judge Sarah D. Morrison
                                Magistrate Judge Chelsey M. Vascura

RON O'BRIEN, *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

    Plaintiff, Delshaun R. Nix, an Ohio inmate who is proceeding without the assistance of counsel, sues several prosecuting attorneys and his former criminal defense attorney under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights in connection with his 2009 criminal prosecution and subsequent prison sentence. This matter is before the Court for the initial screen of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against the Defendants Ron O'Brien, James Lowe, David Zeyen, George Tyack, Taylor Mick, Shayla Favor, and Benjamin Tracey, and Plaintiff's § 1983 claim against Defendant Mark Collins, for failure to state a claim on which relief can be granted. It is further

**RECOMMENDED** that Plaintiff's remaining state-law claim against Defendant Mark Collins be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

As a result, it is further **RECOMMENDED** that the Court **DENY AS MOOT** Plaintiff's Motion for Summary Judgment (ECF No. 8) and Motion for Appointment of Counsel (ECF No. 9).

### I. BACKGROUND

In 2009, Plaintiff (then a juvenile) pleaded guilty to three counts of aggravated robbery and one count of involuntary manslaughter, resulting in a prison sentence of 20 years. Plaintiff pleaded guilty on the advice of his court-appointed attorney, Defendant Mark Collins. Plaintiff alleges that the charging information, prepared by Defendant, former Franklin County Prosecuting Attorney Ron O'Brien, contained false statements of fact. Plaintiff further alleges that his co-defendant received a lighter sentence even though the two were identically situated. Plaintiff thus alleges that Mr. Collins provided ineffective assistance of counsel when advising Plaintiff to plead guilty. (Am. Compl. 3–8, ECF No. 7.)

During Plaintiff's eighteen subsequent years of incarceration, Plaintiff filed six motions for judicial release, all of which were opposed by various Franklin County prosecuting attorneys, including Defendants Ron O'Brien, James Lowe, David Zeyen, George Tyack, Taylor Mick, Shayla Favor, and Benjamin Tracey (the "Prosecutor Defendants"). Plaintiff alleges that the Prosecutor Defendants' opposition memos to his motions for judicial release all contain the same misstatements of fact, resulting in his motions for judicial release being unfairly denied. (*Id.* at 9–31.)

Plaintiff sues Mr. Collins for ineffective assistance of counsel and sues the Prosecutor Defendants for violations of his Fifth and Fourteenth Amendment rights to due process, his Fourteenth Amendment right to equal protection, his Eighth Amendment right to be free from

cruel and unusual punishment, and his Fourth Amendment right to be free of malicious prosecution. Plaintiff sues each of the Defendants in their individual capacities and seeks $20 million in damages. (*Id.* at 3, 32.)

## II.  STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim

4

asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. ANALYSIS

All of Plaintiff's claims must be dismissed. First, the Prosecutor Defendants are entitled to absolute immunity from a civil suit for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This immunity is overcome only when the prosecutor's challenged conduct was taken as an administrator or investigator, rather than as an advocate. *See Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000). Despite Plaintiff's conclusory allegations to the contrary, the Amended Complaint contains no plausible allegations on which this Court could rely to conclude that any exception to prosecutorial immunity applies to exempt the prosecutors he names. To the contrary, the Prosecutor Defendants' actions in filing charging documents and opposing Plaintiff's motions for judicial release are quintessential acts of advocacy on behalf of the State. Accordingly, Plaintiff's individual-capacity claims against the Prosecutor Defendants must be dismissed.

Second, to the extent that Plaintiff sues the Prosecutor Defendants in their official capacity, those claims must be dismissed. A suit against a government official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The relevant entity under these circumstances is the State of Ohio. Even if employed by the County, "Ohio prosecutors act as arms of the state—not of a municipality— when prosecuting state criminal charges." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014); *see also Cady v. Arenac Cnty.*, 574 F.3d 334, 345 (6th Cir. 2009) ("when County Prosecutor Broughton made the decisions related to the issuance of state criminal charges against

5

Cady, the entry of the [deferred prosecution agreement], and the prosecution of Cady, he was acting as an agent of the state rather than of Arenac County"). Because Plaintiff's official-capacity claims against the Prosecutor Defendants arise out of their prosecution of state criminal charges of aggravated robbery and involuntary manslaughter, they are "no different from a suit against the State itself." *Will*, 491 U.S. at 71.

But any claims against the State of Ohio must be dismissed under the doctrine of sovereign immunity. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). "There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit, (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citation omitted). None of these exceptions apply to Plaintiff's Complaint. First, "Ohio has not waived sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Second, "Section 1983 does not abrogate Eleventh Amendment immunity." *Boler*, 865 F.3d at 410 (citing *Will*, 491 U.S. at 66). Third, the *Ex Parte Young* doctrine applies only when a plaintiff brings "claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler*, 865 F.3d at 412. Here, Plaintiff seeks only money damages, not prospective injunctive relief. Accordingly, Plaintiff's official-capacity claims against the Prosecutor Defendants, which are in essence claims against the State of Ohio, must be dismissed.

6

Finally, Plaintiff has not stated a claim under 42 U.S.C. § 1983 against Defendant Collins for violation of Plaintiff's Sixth Amendment right to effective assistance of counsel. A § 1983 plaintiff must establish two elements: that he was (1) "deprived of a right secured by the Constitution or laws of the United States," and (2) "that such deprivation was caused by a person acting under color of state law." *Littler v. Ohio Ass'n of Pub. Sch. Emps.*, 88 F.4th 1176, 1180 (6th Cir. 2023) (cleaned up). Plaintiff's § 1983 claim against Collins fails on the second element, because "[d]efense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding." *Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981)). Indeed, Plaintiff's Amended Complaint states that "this Amended Complaint does not include Mark C. Collins as an individual acting under color of state law, Mr. Collins is also being sued in his individual capacity." (Am. Compl. 7, ECF No. 7.) Plaintiff's constitutional claim against Defendant Collins must therefore be dismissed.

To the extent that Plaintiff sues Mr. Collins for ineffective assistance of counsel outside of the framework of the United States Constitution and § 1983, that claim could only be one for legal malpractice under Ohio law. The undersigned recommends that the Court decline to exercise jurisdiction over this remaining state-law claim. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (citations omitted).

Here, Plaintiff's legal malpractice allegations fail to provide a basis for a claim over which this Court has original jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal-question jurisdiction, and § 1332, which provides for diversity of citizenship jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (cleaned up). Federal-question jurisdiction is implicated when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. (citation omitted). For a federal court to have diversity jurisdiction under § 1332(a), there must be complete diversity, meaning that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Plaintiff's malpractice claim arises under state law, not federal statutes or the United States Constitution. Nor has Plaintiff alleged that he and Defendant Collins are citizens of different states. Thus, Plaintiff has failed to plausibly allege facts on which the Court could rely to conclude that this Court has original subject-matter jurisdiction over his malpractice claim. Because the undersigned recommends dismissal of all of Plaintiff's federal claims, it is further recommended that the Court decline to exercise supplemental jurisdiction over any remaining state-law claims and that it dismiss any such claims without prejudice to re-filing in state court.

## IV. DISPOSITION

It is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against the Defendants Ron O'Brien, James Lowe, David Zeyen, George Tyack, Taylor Mick, Shayla Favor, and Benjamin Tracey, and Plaintiff's § 1983 claim against Defendant Mark Collins, for failure to state a claim on which relief can be granted. It is further **RECOMMENDED** that Plaintiff's remaining state-law claim against Defendant Mark Collins be **DISMISSED WITHOUT PREJUDICE** to re-filing in state court.

As a result, it is further **RECOMMENDED** that the Court **DENY AS MOOT** Plaintiff's Motion for Summary Judgment (ECF No. 8) and Motion for Appointment of Counsel (ECF No. 9).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE