UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DELSHAUN R. NIX,

    Plaintiff,

:

        Case No. 2:25-cv-327
v.          Chief Judge Sarah D. Morrison
        Magistrate Judge Chelsey M.
        Vascura

FRANKLIN COUNTY, *et al.*,

:

    Defendants.

## ORDER

Delshaun R. Nix, an Ohio inmate proceeding *pro se*, filed suit under 42 U.S.C. § 1983, alleging that several Franklin County prosecutors and defense attorney Mark Collins violated his constitutional rights during their involvement in his criminal case. (Am. Compl., ECF No. 7.) The matter is now before the Court on Mr. Nix's objections to the Magistrate Judge's Report and Recommendation. After performing an initial screen of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Magistrate Judge recommended that the Court dismiss Mr. Nix's Amended Complaint in its entirety. (R&R, ECF No. 10.) Mr. Nix objects (Objs., ECF No. 12) and seeks leave to amend his complaint once again (ECF No. 15). For the reasons below, Mr. Nix's Objections are **OVERRULED** and his Motion for Leave to Amend is **DENIED**. The Report and Recommendation is **ADOPTED** and this case is **DISMISSED**.

I. **OBJECTIONS TO THE REPORT AND RECOMMENDATION**

Mr. Nix asserts five claims in his operative Amended Complaint:

Claim One: Ineffective Assistance of Counsel (Sixth Amendment) Against Attorney Collins

Claim Two: Due Process (Fifth, Fourteenth Amendments) Against Prosecutor Defendants

Claim Three: Equal Protection (Fourteenth Amendment) Against Prosecutor Defendants

Claim Four: Cruel and Unusual Punishment (Eighth Amendment) Against Prosecutor Defendants

Claim Five: Malicious Prosecution (Fourth Amendment) Against Prosecutor Defendants

(Am. Compl.) The Magistrate Judge recommends dismissing Claims Two – Five because the Prosecutor Defendants are entitled to absolute immunity. On Claim One, the Magistrate Judge considers that Mr. Nix may be asserting both a § 1983 claim and state-law claim. The R&R recommends dismissing the § 1983 claim because Attorney Collins was not acting under color of law, and dismissing any residual state law claim for professional negligence without prejudice to re-filing in state court. Mr. Nix objects on several grounds.

If a party objects within the allotted time[1] to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28

---

[1] The R&R was filed on June 13, 2025. (ECF No. 10.) Mr. Nix represents that he did not receive a copy until "June 24th or 25th," due to delays in the prison mail system. (ECF No. 12, PAGEID # 500.) Mr. Nix's objections were filed on July 9 and 16, 2025. Although this is beyond the 14-day deadline, the objections will be considered as timely.

2

U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

*Objections One and Two*. In his first and second objections, Mr. Nix challenges the Magistrate Judge's conclusion that the Prosecutor Defendants are entitled to absolute immunity. It is well established that, when a prosecutor acts as an "advocate for the State," such as "initiating a prosecution [or] presenting the State's case, the prosecutor is immune from a civil suit for damages under [§] 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431, 431 n.33 (1976). If the prosecutor's "activities were intimately associated with the judicial phase of the criminal process . . . absolute immunity appl[ies] with full force." *Id.* at 430. Mr. Nix's Amended Complaint challenges the Prosecutor Defendants' conduct as advocates for the State, both before and after his conviction. The Magistrate Judge thus correctly found that the Prosecutor Defendants are entitled to absolute immunity. Objections One and Two are **OVERRULED**.

*Objection Three*. Mr. Nix next challenges the Magistrate Judge's recommendation to dismiss Claim One because Attorney Collins's "representation fell below the standard demanded from defense counsel." (Objs., PAGEID # 499– 500.) A § 1983 plaintiff must establish that he was (1) "deprived of a right secured by the Constitution or laws of the United States," and (2) "that such deprivation was caused by a person acting under color of state law." *Littler v. Ohio Ass'n of Pub. Sch. Emps.*, 88 F.4th 1176, 1180 (6th Cir. 2023) (cleaned up). Defenders like

3

Attorney Collins do not act under color of state law for purposes of § 1983. *Dunning v. Yuetter*, 12 F. App'x 282, 284 (6th Cir. 2001); *see also Polk County v. Dodson,* 454 U.S. 312, 312 (1981). Objection Three is **OVERRULED**.

*Objection Six*.[2] Finally, Mr. Nix objects to the R&R on the grounds that his sentence was drastically different than his co-defendant's, despite having "identical charges, convictions, and factors and principles." (Objs., PAGEID # 500.) But "the Constitution does not require proportionality in sentencing among co-defendants." *United States v. Neal,* 577 F. App'x 434, 452 (6th Cir. 2014) (citing *United States v. Odeneal,* 517 F.3d 406, 414 (6th Cir. 2008)). Accordingly, Objection "Six" is also **OVERRULED**.

## II. MOTION FOR LEAVE TO AMEND

Mr. Nix also moves for leave to amend his pleadings. (ECF No. 15.) Under "Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)," but "such relief need not be granted when the claims are not remediable by amendment, making it futile to permit an amended complaint." *Huot v. Montana Dep't of Child & Fam. Servs.*, No. 5:17-CV-298-JMH, 2017 WL 3103793, at *1 (E.D. Ky. July 21, 2017) (citations and quotations omitted); *see also Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) ("A court need not grant leave to amend where an amendment would be futile.") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

---

[2] Mr. Nix's fourth objection is not a true objection; it merely laments that he is being "held to the standard of an actual lawyer." (Objs., PAGEID # 500.) Mr. Nix does not include an Objection Five, moving straight from Four to Six. (*Id.*)

4

Mr. Nix did not submit a proposed second amended complaint, or explain how he would "re-state his claims" in an amendment. (ECF No. 15, PAGEID # 517.) He says only that he "is willing to be more accurate with the claims[.]" *Id*. But his claims are not being dismissed for want of accuracy. Such an amendment would thus be futile. The Motion for Leave to Amend is **DENIED**.

### III. CONCLUSION

For these reasons, Mr. Nix's Objections (ECF Nos. 11, 12, 13) are **OVERRULED** and his Motion for Leave to Amend (ECF No. 15) is **DENIED**. The Report and Recommendation (ECF No. 10) is **ADOPTED** and **AFFIRMED**. The Amended Complaint is **DISMISSED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**